**EXHIBIT 1**

**EXHIBIT 1**

FILED
Case 1:24-cv-00341-KG-GJF    Document 1-1    Filed 04/09/24    2ND JUDICIAL DISTRICT COURT
Bernalillo County
12/14/2023 11:57 AM
KATINA WATSON
CLERK OF THE COURT
Patricia Serna

**SECOND JUDICIAL DISTRICT COURT**
**COUNTY OF BERNALILLO**
**STATE OF NEW MEXICO**

**EARL MAYFIELD (#31359),**

       **Plaintiff,**

v.                      **CASE NO.:** D-202-CV-2023-09555 _____

**CORECIVIC OF TENNESSEE, LLC,**

       **Defendant.**

## COMPLAINT FOR NEGLIGENCE AND INJURY

COMES NOW the Plaintiff, Earl Mayfield (#31359), by and through his attorney of record Stephen F. Lawless, PA (Stephen F. Lawless), and for his cause of action hereby states;

### FACTS

1. Plaintiff Earl Mayfield (#45852),  is presently incarcerated by the New Mexico Department of Corrections (NMCD) which operates throughout the state, and upon information and belief at present is in the Southern New Mexico Correctional Facility.

2. Upon information and belief CoreCivic of Tennessee, LLC whose principal place of business is Tennessee and they are doing business throughout the State of New Mexico operating prisons and other facilities.

3. Earl Mayfield  was  incarcerated in Western New Mexico Correctional Facility in Grants, New Mexico at the time of this incident.

1

4.      Upon information and belief  CoreCivic has and did operate the Western New

Mexico Correctional Facility in Grants, New Mexico during all times relevant to

this complaint.

## COUNT I

5.       On October 2, 2022 Mr. Mayfield slipped in water from clogged drains in the

prison's shower area while being incarcerated in Unit G-3 South and fractured his

ankle and leg and suffered severe pain, discomfort and permanent impairment as a

result of this injury.

6.      Mr. Mayfield's fracture occurred when he slipped in water on the floor from

clogged drains even though he, along with other inmates, had requested

maintenance over 20 times, during a prior six month period, to fix said drains.

7.      Maintenance actually came to the Unit G-3 South with regard to the drains at least

6 times (according to the records) to attempt to clear the leaks and clogged drains

but failed to properly repair them.

8.      When CoreCivic was asked about maintenance they denied that any maintenance

or repairs in the G-3 Unit had ever occurred until after Mr. Mayfield was injured.

9.      CoreCivic requested maintenance for these still clogged drains at least 3 times

directly following Mr. Mayfield's injury and only after his injury was it

determined that a 2 inch line pipe was broken and new tubing and other materials

were required.

10.     As a result of the drains being continuously clogged and never properly repaired

there was extensive water on the floor and that water was the reason for the fall

and the injury to Mr. Mayfield.

11.    CoreCivic is and was in charge of Western NM Correctional Facility.  They

negligently failed to ensure that the plumbing maintenance was done correctly and

that the clogged drain problem, which had gone on since early March of 2021,

was properly repaired.

12.    As a result of this condition in the prison Mr. Mayfield suffered an injury which

continues to this day.  The fractures that he received in his tibia and ankle have

not resolved and he still continues to have swelling and pain.

13.    The failure of CoreCivic to properly insure that maintenance was done to protect

the safety of Mr. Mayfield and other inmates similarly situated constitutes

negligence.

14.    As a result of the above negligence and/or lack of maintenance and/or lack of

appropriate supervision, Defendant CoreCivic is liable to the Plaintiff for his pain

and suffering, permanent impairment and other damages.

WHEREFORE Plaintiff prays judgment against the Defendant CoreCivic of Tennessee,

LLC for negligence, damages, including Plaintiff's pain, suffering, permanent impairment, and

other similar related damages.

Respectfully submitted,

 /s/ Stephen F. Lawless
Stephen F. Lawless, PA
Attorney for Plaintiff
201 Third Street NW, Suite #1950
Albuquerque, NM 87102
505-247-1401

3

**EXHIBIT 2**

**EXHIBIT 2**

FILED
2ND JUDICIAL DISTRICT COURT
Bernalillo County
12/14/2023 11:57 AM
KATINA WATSON
CLERK OF THE COURT
Patricia Serna

**SECOND JUDICIAL DISTRICT COURT**
**COUNTY OF BERNALILLO**
**STATE OF NEW MEXICO**

**EARL MAYFIELD (#31359),**

        **Plaintiff,**

v.                                    **CASE NO.:** ___D-202-CV-2023-09555___

**CORECIVIC OF TENNESSEE, LLC,**

        **Defendant.**

## PLAINTIFF'S CERTIFICATION REGARDING ARBITRATION
## UNDER RULE 2-603

I, Stephen F. Lawless, Counsel for Plaintiff, certify that:

Plaintiff seeks relief other than a money judgment and/or an award in excess of

$50,000.00, exclusive of punitive damages, interest, costs and attorney's fees.

        Respectfully submitted,

        ___/s/ Stephen F. Lawless___
        Stephen F. Lawless, PA
        Attorney for Plaintiff
        201 Third Street NW, Suite #1950
        Albuquerque, NM 87102
        505-247-1401

FILED
2ND JUDICIAL DISTRICT COURT
Bernalillo County
1/25/2024 3:34 PM
KATINA WATSON
CLERK OF THE COURT
Roah K Khweis

**SECOND JUDICIAL DISTRICT COURT**
**COUNTY OF BERNALILLO**
**STATE OF NEW MEXICO**

**EARL MAYFIELD (#31359),**                                    **CASE NO. D-202-CV-2023-09555**

       **Plaintiff,**

**vs.**

**CORECIVIC OF TENNESSEE, LLC,**

       **Defendant.**

## DEFENDANT CORECIVIC'S DEMAND FOR JURY TRIAL

Defendant CoreCivic of Tennessee, LLC ("CoreCivic"), through counsel, demands a trial

by jury of twelve (12) persons on all triable issues in the above-captioned case.

Dated:  January 25, 2024          */s/ Jacob B. Lee*
                           Jacob B. Lee, NM Bar No. 154613
                           STRUCK LOVE BOJANOWSKI & ACEDO, PLC
                           3100 West Ray Road, Suite 300
                           Chandler, AZ 85226
                           Tel.: (480) 420-1600
                           Fax: (480) 420-1695
                           jlee@strucklove.com

                           Deborah D. Wells
                           Debra J. Moulton
                           KENNEDY, MOULTON & WELLS, P.C.
                           2201 San Pedro N.E., Bldg. 3, Suite 200
                           Albuquerque, NM  87110
                           Tel.: (505) 844-7887
                           Fax: (505) 844-7123
                           ddwells@kmwpc.com
                           dmoulton@kmwpc.com

                           *Attorneys for Defendant CoreCivic of Tennessee,*
                         *LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 25, 2024, I electronically transmitted the attached document to the Clerk's Office using Odyssey File & Serve E-Filing System for filing and transmittal of a Notice of Electronic Filing to the parties entitled to receive this document via Odyssey File & Serve registrant:

Stephen F. Lawless
STEPHEN F. LAWLESS, P.C.
201 Third Street NW, Suite #1950
Albuquerque, NM 87102
Tel: (505) 247-1401
*Attorney for Plaintiff*

*/s/ Kim Penny*

FILED
2ND JUDICIAL DISTRICT COURT
Bernalillo County
1/25/2024 3:34 PM
KATINA WATSON
CLERK OF THE COURT
Roah K Khweis

**SECOND JUDICIAL DISTRICT COURT**
**COUNTY OF BERNALILLO**
**STATE OF NEW MEXICO**

**EARL MAYFIELD (#31359),**                              **CASE NO. D-202-CV-2023-09555**

       **Plaintiff,**

**vs.**

**CORECIVIC OF TENNESSEE, LLC,**

       **Defendant.**

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR NEGLIGENCE AND INJURY

Defendant, CoreCivic of Tennessee, LLC ("CoreCivic"), through counsel, denies each allegation and each claim for relief contained in Plaintiff's Complaint which is not expressly admitted or otherwise pled to. CoreCivic admits, denies, and alleges as follows:

### FACTS

1.    In answering Paragraph 1 of Plaintiff's Complaint, CoreCivic admits that Plaintiff Earl Mayfield ("Plaintiff") is incarcerated by the New Mexico Department of Corrections ("NMCD") and is incarcerated at Southern New Mexico Correctional Facility. CoreCivic denies any remaining allegations in Paragraph 1.

2.    In answering Paragraph 2 of Plaintiff's Complaint, CoreCivic admits that its principal place of business is Tennessee and that it operates two detention facilities in the State of New Mexico pursuant to detention services agreements with various government partners. CoreCivic denies any remaining allegations in Paragraph 2.

3.    CoreCivic lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 3 of Plaintiff's Complaint and therefore denies them.

4.    In answering Paragraph 4 of Plaintiff's Complaint, CoreCivic denies the allegations. CoreCivic affirmatively alleges that it owned and operated Northwest New Mexico Correctional Center until October 31, 2021, but that New Mexico Corrections Department has operated the facility under the name Western New Mexico Correctional Facility ("WNMCF") since November 1, 2021. CoreCivic further affirmatively alleges that it owns the building for this facility, which it leases to NMCD. CoreCivic denies any remaining allegations in Paragraph 4.

## COUNT I

5.    CoreCivic lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 5 of Plaintiff's Complaint and therefore denies them.

6.    CoreCivic lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 6 of Plaintiff's Complaint and therefore denies them.

7.    CoreCivic lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 7 of Plaintiff's Complaint and therefore denies them.

8.    CoreCivic denies the allegations in Paragraph 8 of Plaintiff's Complaint.

9.    CoreCivic lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 9 of Plaintiff's Complaint and therefore denies them.

10.    CoreCivic denies the allegations in Paragraph 10 of Plaintiff's Complaint.

11.    CoreCivic denies the allegations in Paragraph 11 of Plaintiff's Complaint.

12.    CoreCivic denies the allegations in Paragraph 12 of Plaintiff's Complaint. CoreCivic affirmatively alleges that it does not operate WNMCF and does not provide medical care to inmates at WNMCF.

13.    CoreCivic denies the allegations in Paragraph 13 of Plaintiff's Complaint.

14.    CoreCivic denies the allegations in Paragraph 14 of Plaintiff's Complaint.

/ / /

/ / /

## **AFFIRMATIVE DEFENSES**

1.      As a separate and alternative affirmative defense, CoreCivic alleges that it is entitled to all privileges and immunities existing under federal and New Mexico law.

2.      As a separate and alternative affirmative defense, CoreCivic asserts that Plaintiff may not have fully and timely exhausted available administrative remedies prior to filing suit, thus entitling CoreCivic to dismissal of all claims asserted against it. *See* NMSA 1978 § 33-2-11(B).

3.      As a separate and alternative affirmative defense, CoreCivic alleges that Plaintiff's claims may be barred by the applicable statute of limitations.

4.      As a separate and alternative affirmative defense, CoreCivic alleges that Plaintiff's Complaint fails to state a claim upon which relief may be granted.

5.      As a separate and alternative affirmative defense, CoreCivic alleges that its conduct was not negligent and did not violate the applicable standard of care.

6.      As a separate and alternative affirmative defense, CoreCivic alleges that it did not breach any duty owed to Plaintiff.

7.      As a separate and alternative affirmative defense, CoreCivic alleges that it was not the actual or proximate cause of Plaintiff's alleged injuries.

8.      As a separate and alternative affirmative defense, CoreCivic alleges that Plaintiff suffered no damage, injury, or otherwise, as a result of its alleged actions and/or inactions.

9.      As a separate and alternative affirmative defense, CoreCivic alleges that it complied with the applicable standard of care at all relevant times.

10.     As a separate and alternative affirmative defense, CoreCivic alleges that any acts or omissions by it were not a substantial factor in causing Plaintiff's alleged injuries.

11.    As a separate and alternative affirmative defense, CoreCivic alleges that Plaintiff's alleged injuries, if any, were proximately caused by an independent intervening or superseding cause for which CoreCivic is not liable.

12.    As a separate and alternative affirmative defense, CoreCivic alleges that Plaintiff's injuries, if any, were caused by a third party over whom CoreCivic had no control.

13.    As a separate and alternative affirmative defense, CoreCivic alleges that it is severally liable, if at all, only for that portion of the negligence, if any, that can be attributed to it.

14.    As a separate and alternative affirmative defense, CoreCivic alleges that it acted in good faith and in a reasonable manner given the information and circumstances existing at the time.

15.    As a separate and alternative affirmative defense, CoreCivic alleges that if it was negligent, which negligence is specifically denied, then Plaintiff was also negligent in failing and/or neglecting to use that degree of care which would have been used by an ordinarily reasonable and prudent person under the same or similar circumstances and that such negligence proximately caused or contributed to cause all matters complained of in the Complaint, thereby reducing the amount of Plaintiff's recovery for total damages by an amount proportionate to Plaintiff's degree of fault.

16.    As a separate and alternative affirmative defense, CoreCivic alleges that Plaintiff's injuries, losses, and damages were the result of the assumption of risk by Plaintiff.

17.    As a separate and alternative affirmative defense, CoreCivic alleges that Plaintiff's claims are barred because CoreCivic cannot be held liable for the acts of others not employed by it under a theory of agency or respondeat superior.

18.    As a separate and alternative affirmative defense, CoreCivic alleges that Plaintiff's injuries, losses, and damages, if any, were the result of the negligence or intentional

act of someone other than CoreCivic, thereby reducing, or eliminating, any damages owed by CoreCivic.

19.    As a separate and alternative affirmative defense, CoreCivic alleges that Plaintiff failed to mitigate his damages.

20.    As a separate and alternative affirmative defense, CoreCivic alleges that Plaintiff cannot prove any actual or compensatory damages.

21.    As a separate and alternative affirmative defense, CoreCivic alleges that Plaintiff's alleged injuries were the result of one or more pre-existing conditions, thereby eliminating any damages owed by CoreCivic.

22.    As a separate and alternative affirmative defense, CoreCivic alleges that Plaintiff is not entitled to any and all relief.

23.    Although CoreCivic does not have specific facts in support of its remaining defenses at this time, CoreCivic reserves the right to assert the following affirmative defenses pursuant to New Mexico Rules of Civil Procedure 1-008 and 1-012 should subsequent discovery disclose facts in support of them, including, but not limited to: laches, release, fraud, res judicata, estoppel, and waiver.

## **DEMAND FOR JURY TRIAL**

CoreCivic demands a jury trial on all triable issues.

**WHEREFORE**, CoreCivic respectfully requests that:

A.    Plaintiff's Complaint be dismissed with prejudice, and that Plaintiff take nothing therein;

B.    CoreCivic be awarded its costs, expenses, and attorneys' fees; and

C.    CoreCivic be awarded such other and further relief as this Court deems just and equitable.

Dated:  January 25, 2024              /s/ Jacob B. Lee
                                      Jacob B. Lee, NM Bar No. 154613
                                      STRUCK LOVE BOJANOWSKI & ACEDO, PLC
                                      3100 West Ray Road, Suite 300
                                      Chandler, AZ 85226
                                      Tel.: (480) 420-1600
                                      Fax: (480) 420-1695
                                      jlee@strucklove.com

                                      Deborah D. Wells
                                      Debra J. Moulton
                                      KENNEDY, MOULTON & WELLS, P.C.
                                      2201 San Pedro N.E., Bldg. 3, Suite 200
                                      Albuquerque, NM  87110
                                      Tel.: (505) 844-7887
                                      Fax: (505) 844-7123
                                      ddwells@kmwpc.com
                                      dmoulton@kmwpc.com

                                      *Attorneys for Defendant CoreCivic of Tennessee,
                                      LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 25, 2024, I electronically transmitted the attached document to the Clerk's Office using Odyssey File & Serve E-Filing System for filing and transmittal of a Notice of Electronic Filing to the parties entitled to receive this document via Odyssey File & Serve registrant:

Stephen F. Lawless
STEPHEN F. LAWLESS, P.C.
201 Third Street NW, Suite #1950
Albuquerque, NM 87102
Tel: (505) 247-1401
*Attorney for Plaintiff*

*/s/ Kim Penny*

7

FILED
2ND JUDICIAL DISTRICT COURT
Bernalillo County
2/16/2024 2:53 PM
KATINA WATSON
CLERK OF THE COURT
Roah K Khweis

**SECOND JUDICIAL DISTRICT COURT**
**COUNTY OF BERNALILLO**
**STATE OF NEW MEXICO**

EARL MAYFIELD (#31359),                    **CASE NO. D-202-CV-2023-09555**

        Plaintiff,

vs.

CORECIVIC OF TENNESSEE, LLC,

        Defendant.

---

## CERTIFICATE OF SERVICE

NOTICE IS HEREBY GIVEN that Defendant CoreCivic of Tennessee, LLC, ("CoreCivic") through counsel, served upon Plaintiff's counsel on February 16, 2024, *via email*, the following:

    *1.*    *Defendant's Responses to Plaintiff's First Set of Interrogatories and Requests for Production.*

Dated: February 16, 2024

/s/ Jacob B. Lee
Jacob B. Lee, NM Bar No. 154613
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, AZ 85226
Tel.: (480) 420-1600
Fax: (480) 420-1695
jlee@strucklove.com

Deborah D. Wells
Debra J. Moulton
KENNEDY, MOULTON & WELLS, P.C.
2201 San Pedro N.E., Bldg. 3, Suite 200
Albuquerque, NM 87110
Tel.: (505) 844-7887
Fax: (505) 844-7123
ddwells@kmwpc.com
dmoulton@kmwpc.com
*Attorneys for Defendant CoreCivic of Tennessee, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 16, 2024, I electronically transmitted the attached document to the Clerk's Office using Odyssey File & Serve E-Filing System for filing and transmittal of a Notice of Electronic Filing to the parties entitled to receive this document via Odyssey File & Serve registrant:

Stephen F. Lawless
STEPHEN F. LAWLESS, P.C.
201 Third Street NW, Suite #1950
Albuquerque, NM 87102
*Attorney for Plaintiff*

/s/ S. Berry

2

FILED
2ND JUDICIAL DISTRICT COURT
Bernalillo County
2/27/2024 10:47 AM
KATINA WATSON
CLERK OF THE COURT
Roah K Khweis

STATE OF NEW MEXICO
BERNALILLO COUNTY
SECOND JUDICIAL DISTRICT COURT

Earl Mayfield,                                          D-202-CV-2023-09555

Plaintiff(s),

v.

CoreCivic of Tennessee, LLC,

Defendant(s),

## NOTICE OF HEARING

A hearing in this case is set before the Honorable Lisa Chavez Ortega as follows:

Date of Hearing:      <u>March 13, 2024</u>

Time of Hearing:      <u>9:45 a.m.</u>

Length of Hearing:    <u>30 Minutes</u>

Place of Hearing:     **<u>TELEPHONIC</u>**
**Please call 1-800-747-5150 at the time of the scheduled hearing.  The Access Code is 8460123. If you join the call and another hearing is still in process, please mute your phone and wait for your case to be called**

Matter(s) to be Heard:  <u>Status Conference and Rule 16 Scheduling Conference</u>

Honorable Lisa Chavez Ortega

By: _Mychele Romero_ _____

**Mychele Romero**
**TCAA to Judge  Lisa Chavez Ortega**

***ATTORNEYS ARE RESPONSIBLE FOR SERVING A COPY OF THIS NOTICE TO ALL PRO SE PARTIES AND FOR FILING A CERTIFICATE OF SERVICE PRIOR TO THE HEARING DATE.***

FILED
2ND JUDICIAL DISTRICT COURT
Bernalillo County
3/6/2024 3:02 PM
KATINA WATSON
CLERK OF THE COURT
Amanda Jimenez

**SECOND JUDICIAL DISTRICT COURT**
**COUNTY OF BERNALILLO**
**STATE OF NEW MEXICO**

| | |
|---|---|
| **EARL MAYFIELD (#31359),** | **CASE NO. D-202-CV-2023-09555** |
| **Plaintiff,** | |
| **vs.** | |
| **CORECIVIC OF TENNESSEE, LLC,** | |
| **Defendant.** | |

## DEFENDANT'S UNOPPOSED MOTION TO CONTINUE STATUS CONFERENCE AND RULE 16 SCHEDULING CONFERNECE

Defendant CoreCivic of Tennessee, LLC ("CoreCivic"), by and through undersigned counsel, respectfully requests that the telephonic Status Conference and Rule 16 Scheduling Conference set for March 13, 2024, at 9:45 AM be continued to a date thereafter. Defense counsel is required to be at an in-person settlement conference at the Central New Mexico Correctional Facility in Los Lunas, New Mexico, on that same date in the matter of *Romero v. CoreCivic, Inc., et al.*, Case No. 21-cv-00544-KG-DLM (D.N.M.). Undersigned counsel has confirmed with Plaintiff's counsel that he does not oppose this request. This motion is not submitted for the purpose of delay.

Dated:  March 6, 2024

*/s/ Jacob B. Lee*
Jacob B. Lee, NM Bar No. 154613
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, AZ 85226
Tel.: (480) 420-1600
Fax: (480) 420-1695
jlee@strucklove.com

Deborah D. Wells
Debra J. Moulton
KENNEDY, MOULTON & WELLS, P.C.
2201 San Pedro N.E., Bldg. 3, Suite 200
Albuquerque, NM 87110
Tel.: (505) 844-7887
Fax: (505) 844-7123
ddwells@kmwpc.com
dmoulton@kmwpc.com

*Attorneys for Defendants CoreCivic and Joseph Bounds*

2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 6, 2024, I electronically transmitted the attached document to the Clerk's Office using Odyssey File & Serve E-Filing System for filing and transmittal of a Notice of Electronic Filing to the parties entitled to receive this document via Odyssey File & Serve registrant:

Stephen F. Lawless
STEPHEN F. LAWLESS, P.C.
201 Third Street NW, Suite #1950
Albuquerque, NM 87102
Tel: (505) 247-1401
*Attorney for Plaintiff*

*/s/ Kim Penny*

FILED
2ND JUDICIAL DISTRICT COURT
Bernalillo County
3/8/2024 11:53 AM
KATINA WATSON
CLERK OF THE COURT
Roah K Khweis

**SECOND JUDICIAL DISTRICT COURT**
**COUNTY OF BERNALILLO**
**STATE OF NEW MEXICO**

**EARL MAYFIELD (#31359),**                         **CASE NO. D-202-CV-2023-09555**

       **Plaintiff,**

**vs.**

**CORECIVIC OF TENNESSEE, LLC,**

       **Defendant.**

## <u>ORDER RESETTING STATUS CONFERENCE</u>

THIS MATTER having come before the Court on Defendant's Unopposed Motion to Continue Status Conference and Rule 16 Scheduling Conference, there being good cause for the relief requested, there being no opposition to the Motion, and the Court being otherwise fully advised in its premises,

NOW THEREFORE IT IS ORDERED ADJUDGED AND DECREED, that the Motion to Continue Status Conference and Rule 16 Scheduling Conference shall be, and the same is hereby GRANTED, and the Status Conference and Rule 16 Scheduling Conference, currently scheduled for March 13, 2024, at 9:45 a.m. is hereby continued to

**MARCH 20, 2024 AT 2:30 P.M.**

**(1-800-747-5150: Code 8460123).**

Judge Lisa Chavez Ortega
**District Court Judge**
**Division XIII**

**Please note:  This order deviates from the proposed form/s of order originally submitted.
Please review carefully.**

FILED
2ND JUDICIAL DISTRICT COURT
Bernalillo County
3/20/2024 2:45 PM
KATINA WATSON
CLERK OF THE COURT
Alyssa Garza

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT

**EARL MAYFIELD,**

       Plaintiffs,

v.                                                          **D-202-CV-2023-09555**

**CORECIVIC OF TENNESSEE, LLC,**

       Defendants.

## **RULE 1-016 SCHEDULING ORDER**
## **JURY**

      The Court, pursuant to Rule 1-016(B) NMRA, has established the following schedule governing

this case:

      1. **TRIAL/DOCKET CALL.** All parties shall be ready for trial and this case will be set for trial

on the Court's two-week trailing docket, starting on ___May 5, 2025___. This is a jury case.

The estimated length of the trial is __5__ day(s). **Because the trial date has been set either by**

**agreement of counsel or by the Court at the Scheduling Conference, the trial date will not be**

**continued except in exceptional circumstances.**

      2. **AMENDMENT OF PLEADINGS.** Motions to Amend the Complaint or Answer shall be

filed no later than ___July 22, 2024___, unless otherwise ordered by the Court.

      3. **JOINDER OF PARTIES.** Additional parties shall not be joined unless ordered by the Court.

If additional parties are joined, such joinder must occur in a sufficiently timely manner so that the

Mediation/Settlement Conference deadline and trial setting are not affected.

      4. **FACT WITNESSES.** The parties shall file a list of all fact witnesses expected to testify at

trial on or before ___Sept. 9, 2024___. The list shall include the full name of the witness,

mailing address and contact telephone number, together with a short summary of anticipated testimony.

5. **EXPERT WITNESSES.** The parties shall file a list of expert witnesses expected to testify at trial on or before the dates set forth below:

**Plaintiff's Expert(s) –**   Oct. 7, 2024

**Defendant's Expert(s) –**   Nov. 18, 2024

At the time expert witnesses are identified, the party presenting the expert witness shall provide to all other parties the following: 1) a current *curriculum vita* of the expert; 2) a written summary of the opinions and the bases therefor that the expert will present at trial; and 3) any written reports that have been prepared by the expert.

6. **DISCOVERY.** All pretrial discovery shall be completed by ___Jan. 6 2025___, unless otherwise ordered by the Court. Discovery requests shall be served in sufficient time to allow response before the close of the discovery period. Interrogatories, Requests for Admission, and Requests for Production shall be considered timely only if the responses are due prior to this deadline. **MOTIONS TO COMPEL DISCOVERY SHALL BE FILED NO LATER THAN FIVE (5) BUSINESS DAYS AFTER THE CLOSE OF DISCOVERY.**

7. **MEDIATION/SETTLEMENT CONFERENCE DEADLINE.** The parties shall conduct a mediation on or before ___Dec. 20, 2024___. The parties stipulate to ~~xx~~ see below ~~xx~~ serving as mediator.

**All counsel and parties with full authority to settle the case shall participate and attend the mediation.**

If the parties have not reached agreement by the time this Scheduling Order is filed, the parties shall confer and notify the Court **within ten (10) days of the date of entry of this Order** whether they have reached agreement on a mutually acceptable mediator and the name of such mediator. Notification shall be submitted to the Court via email to albddiv13proposedtxt@nmcourts.gov.

**If the parties fail to timely comply with this requirement, the Court will order the appointment o
mediator of the Court's choice.**

The parties must comply with LR2-602 NMRA, with particular focus on subsections (G), (F
and (I) **and shall share the cost of the mediator.    Attorneys shall be responsible for paymen
of the fee directly to mediator on behalf of their clients.  Failure to pay mediator fee shall resu
in the issuance of an order to show cause.**

8. **MOTIONS.  The deadlines for Motions below are *filing* deadlines, not "packet'
deadlines.** Motions addressed to the pleadings (e.g. motions under Rule 1-012(B), (D), (E), or (F)
NMRA) shall be filed **by** ___July 29, 2024___, unless otherwise ordered by the Court.

All dispositive motions and motions to exclude expert testimony, including *Daubert-Alberi
motions, shall be filed no later than ___Jan. 21 2025___ unless otherwise ordered by t
Court. **The movant shall provide the Court with a hard copy of every motion, response, and rep
with all attached exhibits, at least five (5) business days prior to any scheduled hearing on t
motion. NOTE THAT THIS DEADLINE AND THE CORRESPONDING BRIEFIN
DEADLINES FOR RESPONSE AND REPLY CANNOT BE EXTENDED BECAUSE THEY AI
TIED TO THE TRIAL DATE.**

All motions in limine shall be filed by ___March 21, 2025___. Counsel are reminded tl
motions in limine are not to be used for matters which are properly addressed in motions for summa
judgment or motions to exclude expert testimony.  Motions in limine are to address specific items
evidence or argument, not general propositions. Briefing of motions in limine shall be consider
completed upon the filing of the Response, at which time Movant shall submit a Notice of Completion
Briefing.  The Court does not consider Replies in support of Motions in Limine.

3

9. **EXHIBITS.** The parties shall file a list of all exhibits expected to be submitted at trial no late than **four (4) weeks before trial**. Within five business days of service of a party's exhibit list, any party objecting to authenticity shall file written notice of objection. Exhibits must follow the limitations as se out in Rule LR2-117 NMRA. Failure to exchange exhibits will result in the exhibit being summarily denied into admission as evidence.

10. **WITNESSES.** The parties shall file a final list of witnesses expected to testify at trial no later than **four (4) weeks before trial.** Witnesses should be listed as may-call or will-call witnesses. Al witnesses should be listed except for rebuttal witnesses, the need for whose testimony cannot reasonably be anticipated.

11. **PRE-TRIAL CONFERENCE.** The *initial* Rule 1-016(C) NMRA pre-trial conference shal be held *remotely*___March 24, 2025___ at a time/manner to be announced by separate notice Trial counsel must attend the pre-trial conference.

12. **PRE-TRIAL ORDER.** Plaintiff shall submit a complete proposed Pre-Trial Order with al parties' insertions no later than **thirty (30) days before trial**. The final Pre-Trial Order shall follow the format of LR2-Form 707 NMRA, except the first two sentences of Paragraph 6 shall be omitted. Partie shall not simply incorporate their pleadings into the pre-trial order and may not simply list as witnesses o exhibits "any person/document identified in discovery" or the like.

13. **JURY INSTRUCTIONS.** Plaintiff's counsel shall prepare one set of annotated and one se of non-annotated jury instructions and deliver to Defendant's counsel **thirty (30) days before trial** Defendant's counsel shall prepare amended and additional instructions, if any, and return to Plaintiff' counsel **twenty-five (25) days before trial**. The parties' joint and separate instructions shall be submitted to the Court **twenty (20) days before trial**.

4

The parties shall meet and confer in advance, in person or by telephone, to ensure that *joir* *instructions (annotated and non-annotated sets) are submitted that include all instructions to whic* *the parties stipulate, including all of the "100 series" instructions.* Plaintiff's proposed jur instructions (annotated and non-annotated) shall include *only those instructions that Defendar opposes.* Defendant's proposed jury instructions (annotated and non-annotated) shall include *on those instructions that Plaintiff opposes.* Annotated and non-annotated sets of instructions shall b submitted in separate Word documents.

14. **THE PROVISIONS OF THIS ORDER MAY BE MODIFIED ONLY BY COUR ORDER UPON A SHOWING OF GOOD CAUSE. A MOTION AND ORDER ARE REQUIRE] FOR ANY MODIFICATION.**

15. **IF THIS CASE IS SETTLED, THE PARTIES SHALL IMMEDIATELY NOTIFY TH COURT AND SHALL ADVISE THE COURT OF HEARING DATES AFFECTED.**

Honorable Lisa Chavez Ortega

**EXHIBIT 3**

**EXHIBIT 3**

**STATE OF NEW MEXICO**
**COUNTY OF BERNALILLO**
**SECOND JUDICIAL DISTRICT COURT**

| | |
|---|---|
| **EARL MAYFIELD (#31359),** | **D-202-CV-2023-09555** |
|           **Plaintiff,** | |
| **vs.** | |
| **CORECIVIC OF TENNESSEE, LLC,** | |
|           **Defendant.** | |

<u>**NOTICE OF FILING NOTICE OF REMOVAL**</u>

Pursuant to 28 U.S.C. §§ 1332(a) and 1441(b), Defendant CoreCivic of Tennessee, LLC ("CoreCivic"), through counsel, notifies this Court that it filed a Notice of Removal of this action to the United States District Court for the District of New Mexico, attached hereto as Exhibit A.

Dated:  April 9, 2024

    */s/ Jacob B. Lee*
    Jacob B. Lee, NM Bar No. 154613
    STRUCK LOVE BOJANOWSKI & ACEDO,
    PLC 3100 West Ray Road, Suite 300
    Chandler, AZ 85226
    Tel.: (480) 420-1600
    Fax: (480) 420-1695
    jlee@strucklove.com

    Deborah D. Wells
    Debra J. Moulton
    KENNEDY, MOULTON & WELLS, P.C.
    2201 San Pedro N.E., Bldg. 3, Suite 200
    Albuquerque, NM  87110
    Tel.: (505) 844-7887
    Fax: (505) 844-7123
    ddwells@kmwpc.com
    dmoulton@kmwpc.com

    *Attorneys for Defendants CoreCivic and Joseph*
    *Bounds*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 9, 2024, I electronically transmitted the attached document to the Clerk's Office using Odyssey File & Serve E-Filing System for filing and transmittal of a Notice of Electronic Filing to the parties entitled to receive this document via Odyssey File & Serve registrant:

Stephen F. Lawless
STEPHEN F. LAWLESS, P.C.
201 Third Street NW, Suite #1950
Albuquerque, NM 87102
Tel: (505) 247-1401
*Attorney for Plaintiff*

*/s/ Kim Penny*